(15 App. Div. 77.)

### McCONKEY v. PETTERSON et al.

(Supreme Court, Appellate Division, Second Department. March 16, 1897.)

USURY—HOW PURGED—RENEWING USURIOUS NOTE.

    A note is valid, though given in renewal of a usurious note, where the amount was determined by crediting on the principal of the original debt the usurious interest which had been paid, and adding lawful interest on balance.

Appeal from trial term, New York county.

Transferred from the First department.

Action by Joseph McConkey against Victor Petterson and another on a promissory note. There was a judgment in favor of defendants, and plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

John J. Crawford, for appellant.

Charles Clark, for respondents.

GOODRICH, P. J. In July, 1893, the parties to this action entered into a self-styled indenture, whereby, under their hands and seals, they solemnly covenanted and agreed that the plaintiff should loan the defendant Victor Petterson $340 for the space of 60 days, and that Victor, for the use thereof, should pay the plaintiff "an interest bonus" of $20. Not satisfied with this extraordinary personal contract, they agreed that it should bind the heirs, executors, administrators, and assigns of the respective parties. The plaintiff loaned the $340, and the defendant gave his note for the amount, and subsequently paid $20 interest. The note, not being paid at maturity, was renewed from time to time until July, 1896, when the note in suit was given. The judicial faculty is not severely strained in discovering legal objections to the validity of this contract. At the trial, however, it was shown that the original note was renewed from time to time until the note in suit was executed, at which time the plaintiff, by agreement with the defendant, prepared the last note, the amount of which was determined by crediting on the principal of the original loan the $20 usurious interest, and adding lawful interest on the balance from the date of the original loan. Under these circumstances the original loan is purged of the usury with which it was tainted. The case of Sheldon v. Haxtun, 91 N. Y. 124, is clear authority on this point. The court (Earl, J.) said:

"If this note for $1,000 had been given in this state, even with the lawful rate of interest mentioned therein, in renewal of or in substitution for the prior usurious note, it would also have been tainted with usury, and void. A substituted or renewal note thus given is held void for one or both of these rea-

sons: The new note in such a case is given in renewal or continuance of the usurious contract, and is, therefore, void for the same reason that condemns that contract; or it is a new security for a usurious debt or contract, and void on that account. In either case the new note is void because it comes under the condemnation of the policy and the letter of our usury laws. But a usurious contract can be purged of the taint of usury, and money loaned upon a usurious contract can furnish a valid consideration for a promise to pay the money actually loaned. If the usurious contract be mutually abandoned by the parties, and the securities be canceled or destroyed, so that they can never be made the foundation of an action, and the borrower subsequently makes a contract to pay the amount actually received by him, this last contract will not be tainted by the original usury, and can be enforced."

To the same effect is the language of the court in Hammond v. Hopping, 13 Wend. 505:

"If it [the usurious contract] is mutually abandoned, and the securities are canceled or destroyed, so that they can never be made the foundation of an action, and the borrower subsequently promises to pay the amount actually received by him, such promise is legal and binding. It is founded upon an equitable and moral obligation which is sufficient to support an express promise. The money actually lent, when legally separated from the usurious premium, is the debt, in equity and conscience, and ought to be repaid."

The judgment must be reversed, and new trial granted; costs to abide event. All concur.